UNITED STATES DISTRICT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

COMPLETE MEDICAL CARE SERVICES OF NY, PC d/b/a
COMPLETE CARE, ARIC HAUSKNECHT, M.D., MARLENE
BRIONES FRANCO, LCSW, STACEY JAFF, M.D., JONATHAN
KENT, PsyD, and JASON MAAS, P.A., individually and on behalf of
all others similarly situated.

Plaintiffs.

-against-

JAMES A. TACCI, M.D., J.D., M.P.H. (FACOEM, FACPM), as the
Medical Director of the NEW YORK STATE WORKERS'
COMPENSATION BOARD. HEATHER MACMASTER. as General
Counsel to the NEW YORK STATE WORKERS' COMPENSATION
BOARD, STEVEN SCOTTI, as the Executive Director of the NEW
YORK STATE WORKERS' COMPENSATION BOARD.
CHRISTOPHER FALING as the Principal Workers' Compensation
Examiner of the NEW YORK STATE WORKERS' COMPENSATION
BOARD, FREIDA D. FOSTER, as the Chair and Commissioner of the
NEW YORK STATE WORKERS' COMPENSATION BOARD,
RENEE DELGADO. as the Vice Chair of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, PAMELA CAGGIANELLI,
as a board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD. ROBERT BERGIN. as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD.
STEVEN A. CRAIN. as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, CLARISSA M.
RODRIGUEZ, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, PETER DE JESUS, JR., as a
board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, MARIA MATOS, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
GINA SILLITTI. as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, MARTIN M. DILAN, as a
board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD. MARK HIGGINS, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
GLORIBELLE PEREZ, ESQ., as a board member of the NEW YORK
STATE WORKERS' COMPENSATION BOARD, and SAMUEL G.
WILLIAMS, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD.

Defendants.

----------------------------------------------------------------------X

Case No.: 25-CV-8055

STIPULATION
AND ~~PROPOSED~~
CONFIDENTIALITY
ORDER

USI
DOC
ELE                    FILED
DOC
DAT          3/31/2026

I

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action ("**Action**"):

1. Counsel for any party (the "**Designating Party**") may designate any document or information, in whole or in part, as confidential if counsel determines that such designation is necessary to protect the interests of any party or person in information that is personal (including medical, mental health, financial, and Personally Identifying Information as further set forth in Paragraph 10), proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated as confidential will be stamped "CONFIDENTIAL." Information and documents so designated shall be referred to in this Confidentiality Order as "**Confidential Information.**"

2. "Confidential Information" does not include: (a) information that was or is in the public domain or (b) information obtained by a party on a non-confidential basis from a source other than the disclosing party who is or was rightfully in possession of such information.

3. Deposition or other testimony may be designated as confidential by making a designation on the record during the deposition or other testimony, or thereafter by sending the other parties a letter designating the portions of the transcript and any exhibits thereto that constitute Confidential Information within thirty (30) days after receipt of the official transcript of the deposition or other testimony.

4. Confidential Information disclosed will be held and used by the person receiving such information solely for purposes of the prosecution or defense of this Action, including in depositions, motions, trial, and any appeals. Confidential Information shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set

3

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.

9.  The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated. the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10.  Any Personally Identifying Information ("**PII**") (e.g., social security numbers, financial account numbers, passwords. and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or shall constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product

be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. The attached Addendum Pursuant to Rule VI of the Individual Practices and Procedures of Judge Colleen McMahon and the Confidential Health Information Addendum (collectively, the "**Addenda**") are hereby incorporated into this Stipulation and Order.

16. This Stipulation and Order may be signed in counterparts, with each part being deemed part of the whole. Facsimile and/or electronic signatures shall be deemed valid as originals.

17. This Stipulation and Order, and the Addenda attached hereto, shall be binding at the time of execution by the parties, and before such time, if any, that the Stipulation and Order is so ordered by the Court.

SO STIPULATED AND AGREED.

Dated: March 30, 2026

WEISS ZARETT BROFMAN
SONNENKLAR & LEVY, P.C.

By:

Lisa Giunta-Popeil
Katie O'Leary
3333 New Hyde Park Road, Suite 211
New Hyde Park, New York 11042
(516) 627-7000
*Attorneys for Plaintiffs*

NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL

By:

Michael A. Berg
Bronwyn M. James
28 Liberty Street, 21st Floor
New York, NY 10005
(212) 416-8651
*Attorneys for Defendants*

7  3/31/2026
So ordered, subject to the
attached addendum

## ADDENDUM PURSUANT TO RULE VI OF THE INDIVIDUAL PRACTICES
## AND PROCEDURES OF JUDGE COLLEEN MCMAHON

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

9

three digits of a zip code if, according to the current publicly available data from the Bureau of the Census. (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people. and (ii) the initial three digits of a zip code for all such geographic units containing 20.000 or fewer people is changed to 000:

c. all elements of dates (except year) for dates directly related to an individual. including birth date and date of death:

d. telephone numbers;

e. fax numbers;

f. electronic mail addresses;

g. social security numbers;

h. medical record numbers:

i. health plan beneficiary numbers:

j. account numbers;

k. certificate/license numbers:

l. vehicle identifiers and serial numbers, including license plate numbers;

m. device identifiers and serial numbers;

n. web universal resource locators ("URLs"):

o. internet protocol ("IP") address numbers: and

p. biometric identifiers, including finger and voice prints;

7.      This Addendum may be changed by further order of the Court. and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.