UNITED STATES DISTRICT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

COMPLETE MEDICAL CARE SERVICES OF NY. PC d/b/a
COMPLETE CARE, ARIC HAUSKNECHT, M.D., MARLENE
BRIONES FRANCO, LCSW. STACEY JAFF, M.D., JONATHAN
KENT. PsyD. and JASON MAAS, P.A., individually and on behalf of
all others similarly situated.

Case No.: 25-CV-8055

                              Plaintiffs.

                  -against-

JAMES A. TACCI, M.D., J.D., M.P.H. (FACOEM, FACPM), as the
Medical Director of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, HEATHER MACMASTER, as General
Counsel to the NEW YORK STATE WORKERS' COMPENSATION
BOARD, STEVEN SCOTTI, as the Executive Director of the NEW
YORK STATE WORKERS' COMPENSATION BOARD,
CHRISTOPHER FALING as the Principal Workers' Compensation
Examiner of the NEW YORK STATE WORKERS' COMPENSATION
BOARD, FREIDA D. FOSTER, as the Chair and Commissioner of the
NEW YORK STATE WORKERS' COMPENSATION BOARD.
RENEE DELGADO, as the Vice Chair of the NEW YORK STATE
WORKERS' COMPENSATION BOARD. PAMELA CAGGIANELLI,
as a board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, ROBERT BERGIN, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
STEVEN A. CRAIN, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, CLARISSA M.
RODRIGUEZ, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, PETER DE JESUS, JR., as a
board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD. MARIA MATOS, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
GINA SILLITTI, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, MARTIN M. DILAN, as a
board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD. MARK HIGGINS, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
GLORIBELLE PEREZ, ESQ., as a board member of the NEW YORK
STATE WORKERS' COMPENSATION BOARD, and SAMUEL G.
WILLIAMS, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD,

**STIPULATION
AND PROPOSED
CONFIDENTIALITY
ORDER**

USDC SDNY
DOCUMENT
ELECTRONIC LLY FILED
DOC #: _____
FILED: 4/1/2026

                              Defendants.

-----------------------------------------------------------------------X

1

**WHEREAS**, Plaintiffs Complete Medical Care Services Of NY, PC d/b/a Complete Care, Aric Hausknecht, M.D., Marlene Briones Franco, LCSW, Stacey Jaff, M.D., Jonathan Kent, PsyD, and Jason Maas, P.A., individually and on behalf of all others similarly situated, ("**Plaintiffs**") and James A. Tacci, M.D., J.D., M.P.H. (FACOEM, FACPM), as the Medical Director of the New York State Workers' Compensation Board, Heather Macmaster, Steven Scotti, as the Executive Director of the New York State Workers' Compensation Board, Christopher Faling as the Principal Workers' Compensation Examiner of the New York State Workers' Compensation Board, Freida D. Foster, as the Chair and Commissioner of the New York State Workers' Compensation Board, Renee Delgado, as the Vice Chair of the New York State Workers' Compensation Board, Pamela Caggianelli, as a board member of the New York State Workers' Compensation Board, Robert Bergin, as a board member of the New York State Workers' Compensation Board, Steven A. Crain, as a board member of the New York State Workers' Compensation Board, Clarissa M. Rodriguez, as a board member of the New York State Workers' Compensation Board, Peter De Jesus, Jr., as a board member of the New York State Workers' Compensation Board, Maria Matos, as a board member of the New York State Workers' Compensation Board, Gina Sillitti, as a board member of the New York State Workers' Compensation Board, Martin M. Dilan, as a board member of the New York State Workers' Compensation Board, Mark Higgins, as a board member of the New York State Workers' Compensation Board, Gloribelle Perez, Esq., as a board member of the New York State Workers' Compensation Board, and Samuel G. Williams, as a board member of the New York State Workers' Compensation Board ("**Defendants**," and together with Plaintiffs, the "**Parties**") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action ("**Action**"):

1.   Counsel for any party (the "**Designating Party**") may designate any document or information, in whole or in part, as confidential if counsel determines that such designation is necessary to protect the interests of any party or person in information that is personal (including medical, mental health, financial, and Personally Identifying Information as further set forth in Paragraph 10), proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated as confidential will be stamped "CONFIDENTIAL." Information and documents so designated shall be referred to in this Confidentiality Order as "**Confidential Information.**"

2.   "Confidential Information" does not include: (a) information that was or is in the public domain or (b) information obtained by a party on a non-confidential basis from a source other than the disclosing party who is or was rightfully in possession of such information.

3.   Deposition or other testimony may be designated as confidential by making a designation on the record during the deposition or other testimony, or thereafter by sending the other parties a letter designating the portions of the transcript and any exhibits thereto that constitute Confidential Information within thirty (30) days after receipt of the official transcript of the deposition or other testimony.

4.   Confidential Information disclosed will be held and used by the person receiving such information solely for purposes of the prosecution or defense of this Action, including in depositions, motions, trial, and any appeals. Confidential Information shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set

3

forth in Paragraph 7. unless and until the restrictions herein are removed either by written agreement of counsel for the parties. or by Order of the Court. These restrictions on the use and dissemination of Confidential Information. and any other applicable restrictions imposed by this Order. shall survive the termination of the Action.

5.  In the event a party challenges another party's designation of confidentiality. counsel shall meet and confer in an effort to resolve the dispute. In the absence of a resolution. the challenging party may file a letter-motion to remove the designation of confidentiality. and the Designating Party may respond by letter pursuant to the Local Rules and the Court's Individual Rules of Practice.

6.  Nothing in this Confidentiality Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7.  Confidential Information shall not be disclosed to any person. except:

    a.  The parties and their counsel. including in-house counsel:

    b.  Employees of such counsel assigned to assist in litigation of this Action:

    c.  Consultants or experts assisting in the prosecution or defense of the Action. to the extent deemed necessary by counsel: and

    d.  The Court (including any judicial officer. clerk. stenographer. technician. arbitrator. mediator. or other person having access to any Confidential Information by virtue of his or her position with the Court).

8.  Prior to disclosing or displaying the Confidential Information to any person described in Section 7.c.. counsel must:

    a.  Inform the person of the confidential nature of the information or documents:

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.

9. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("**PII**") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or shall constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product

5

protected documents or communications. electronically stored information ("**ESI**") or information. whether inadvertent or otherwise. shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents. ESI or information (including metadata) for relevance. responsiveness and/or segregation of privileged and/or protected information before production.

12. A party or. as appropriate. non-party (the "**Filing Party**"). who seeks to file with the Court (i) any deposition transcripts. exhibits. answers to interrogatories. or other documents which have previously been designated as comprising or containing Confidential Information. or (ii) any pleading. brief or memorandum. affirmation. report. or other filing which reproduces. paraphrases. or discloses Confidential Information shall file the document. pleading. brief. memorandum. affirmation. report. or other filing on the ECF system in redacted form until the Court renders a decision on any motion to seal (the "**Redacted Filing**"). The Filing Party shall notify the Designating Party on the day of filing that Confidential Information has been filed on ECF in redacted form and shall identify the Confidential Information to the designating party by Bates numbers or cites to portions of a transcript if possible. If the Designating Party fails to move to seal within seven (7) days of the Redacted Filing. the Filing Party only then may take steps to replace the Redacted Filing with its corresponding unredacted version.

13. At the conclusion of litigation. Confidential Information and any copies thereof shall

be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. The attached Addendum Pursuant to Rule VI of the Individual Practices and Procedures of Judge Colleen McMahon and the Confidential Health Information Addendum (collectively, the "**Addenda**") are hereby incorporated into this Stipulation and Order.

16. This Stipulation and Order may be signed in counterparts, with each part being deemed part of the whole. Facsimile and/or electronic signatures shall be deemed valid as originals.

17. This Stipulation and Order, and the Addenda attached hereto, shall be binding at the time of execution by the parties, and before such time, if any, that the Stipulation and Order is so ordered by the Court.

SO STIPULATED AND AGREED.

Dated: March 30, 2026

WEISS ZARETT BROFMAN
SONNENKLAR & LEVY, P.C.

By: _____
Lisa Giunta-Popeil
Katie O'Leary
3333 New Hyde Park Road, Suite 211
New Hyde Park, New York 11042
(516) 627-7000
*Attorneys for Plaintiffs*

NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL

By: _____
Michael A. Berg
Bronwyn M. James
28 Liberty Street, 21st Floor
New York, NY 10005
(212) 416-8651
*Attorneys for Defendants*

7

SO ORDERED.

_____

HON. COLLEEN MCMAHON, U.S.D.J.

Dated: New York, New York
        March ___, 2026

## ADDENDUM PURSUANT TO RULE VI OF THE INDIVIDUAL PRACTICES AND PROCEDURES OF JUDGE COLLEEN MCMAHON

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

9

## CONFIDENTIAL HEALTH INFORMATION ADDENDUM

The Parties acknowledge that the discovery of confidential health information is implicated by the parties' claims in this litigation, and it is the parties' intention that the Stipulation and Confidentiality Order provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**") and the regulations promulgated under its aegis, *see* 45 C.F.R. § 164.512(e)(1)(ii). As such, the Parties agree to address the production by the parties of such confidential health information as follows:

1.  Any party to this litigation and any third-party shall have the right to designate as "Confidential Health Information" and subject to the Confidentiality Order any information, document, or thing, or portion of any document or thing, without regard to whether the material has been designated confidential generally or "Confidential Health Information" specifically, any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual shall be treated as if it was designated as "Confidential Health Information."

2.  For all purposes, any information, document, or thing, or portion of any document or thing, containing "Confidential Health Information" or designated by any party to this litigation or any third-party as "Confidential Health Information" shall be treated as "Confidential Information" pursuant to the terms of the Confidentiality Order and shall only be transmitted by secure/encrypted means.

3.  The term "Confidential Health Information" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to HIPAA. *See* 45 C.F.R. § 164.103 (defining "individually identifiable health information" and "protected health information").

4.  "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests.

5.  "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.

6.  "Confidential Health Information" does not include any document or information that has all of the following identifiers of the individual or of the relatives, employers, or household members of the individual removed or redacted:
    a.  names;
    b.  all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial

three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

c.   all elements of dates (except year) for dates directly related to an individual, including birth date and date of death;

d.   telephone numbers;

e.   fax numbers;

f.   electronic mail addresses;

g.   social security numbers;

h.   medical record numbers;

i.   health plan beneficiary numbers;

j.   account numbers;

k.   certificate/license numbers;

l.   vehicle identifiers and serial numbers, including license plate numbers;

m.   device identifiers and serial numbers;

n.   web universal resource locators ("URLs");

o.   internet protocol ("IP") address numbers; and

p.   biometric identifiers, including finger and voice prints;

7.    This Addendum may be changed by further order of the Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

11

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

12