Case 1:25-cv-08055-CM   Document 65   Filed 06/03/26   Page 1 of 6

UNITED STATES DISTRICT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------X

COMPLETE MEDICAL CARE SERVICES OF NY, PC d/b/a
COMPLETE CARE, ARIC HAUSKNECHT, M.D., MARLENE
BRIONES FRANCO, LCSW, STACEY JAFF, M.D., JONATHAN       Case No.: 25-CV-8055
KENT, PsyD, and JASON MAAS, P.A., individually and on behalf of
all others similarly situated,

Plaintiffs,

-against-

JAMES A. TACCI, M.D., J.D., M.P.H. (FACOEM, FACPM), as the
Medical Director of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, HEATHER MACMASTER, as General
Counsel to the NEW YORK STATE WORKERS' COMPENSATION
BOARD, STEVEN SCOTTI, as the Executive Director of the NEW
YORK STATE WORKERS' COMPENSATION BOARD,
CHRISTOPHER FALING as the Principal Workers' Compensation
Examiner of the NEW YORK STATE WORKERS' COMPENSATION
BOARD, FREIDA D. FOSTER, as the Chair and Commissioner of the
NEW YORK STATE WORKERS' COMPENSATION BOARD,
RENEE DELGADO, as the Vice Chair of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, PAMELA CAGGIANELLI,
as a board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, ROBERT BERGIN, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
STEVEN A. CRAIN, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, CLARISSA M.
RODRIGUEZ, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, PETER DE JESUS, JR., as a
board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, MARIA MATOS, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
GINA SILLITTI, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD, MARTIN M. DILAN, as a
board member of the NEW YORK STATE WORKERS'
COMPENSATION BOARD, MARK HIGGINS, as a board member of
the NEW YORK STATE WORKERS' COMPENSATION BOARD,
GLORIBELLE PEREZ, ESQ., as a board member of the NEW YORK
STATE WORKERS' COMPENSATION BOARD, and SAMUEL G.
WILLIAMS, as a board member of the NEW YORK STATE
WORKERS' COMPENSATION BOARD,

Defendants.

------------------------------------------------------------------------------------X

**PROPOSED ORDER
PURSUANT TO WCL
§110-a**



USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2026

Case 1:25-cv-08055-CM   Document 65   Filed 06/03/26   Page 2 of 6

**WHEREAS**, Plaintiffs Complete Medical Care Services Of NY, PC d/b/a Complete Care, Aric Hausknecht, M.D., Marlene Briones Franco, LCSW, Stacey Jaff, M.D., Jonathan Kent, PsyD, and Jason Maas, P.A., individually and on behalf of all others similarly situated, ("**Plaintiffs**") and Defendants James A. Tacci, M.D., J.D., M.P.H. (FACOEM, FACPM), as the Medical Director of the New York State Workers' Compensation Board, Heather Macmaster, Steven Scotti, as the Executive Director of the New York State Workers' Compensation Board, Christopher Faling as the Principal Workers' Compensation Examiner of the New York State Workers' Compensation Board, Freida D. Foster, as the Chair and Commissioner of the New York State Workers' Compensation Board, Renee Delgado, as the Vice Chair of the New York State Workers' Compensation Board, Pamela Caggianelli, as a board member of the New York State Workers' Compensation Board, Robert Bergin, as a board member of the New York State Workers' Compensation Board, Steven A. Crain, as a board member of the New York State Workers' Compensation Board, Clarissa M. Rodriguez, as a board member of the New York State Workers' Compensation Board, Peter De Jesus, Jr., as a board member of the New York State Workers' Compensation Board, Maria Matos, as a board member of the New York State Workers' Compensation Board, Gina Sillitti, as a board member of the New York State Workers' Compensation Board, Martin M. Dilan, as a board member of the New York State Workers' Compensation Board, Mark Higgins, as a board member of the New York State Workers' Compensation Board, Gloribelle Perez, Esq., as a board member of the New York State Workers' Compensation Board, and Samuel G. Williams, as a board member of the New York State Workers' Compensation Board ("**Defendants**," and together with Plaintiffs, the "**Parties**") have jointly submitted a request for an order addressing certain issues related to disclosure in the above-captioned action; and

2

**WHEREAS**, the Court is a court of competent jurisdiction under the New York Workers' Compensation Law ("**WCL**") § 110-a; and

**WHEREAS**, Plaintiffs served Defendants with certain discovery demands on February 6, 2026; and

**WHEREAS**, Plaintiffs' first set of document requests, dated February 6, 2026, seeks the production of certain workers' compensation records; and

**WHEREAS**, Plaintiffs may serve additional document requests that seek the production of certain workers' compensation records; and

**WHEREAS**, WCL § 110-a generally prohibits the disclosure, by an officer, member, employee or agent of the board to any other person, of workers' compensation records such as those requested, except, *inter alia*, upon the order or subpoena of a court of competent jurisdiction;

**WHEREAS**, Plaintiffs contend that compliance with Federal Rule of Civil Procedure 34 requires Defendant to disclose certain workers' compensation records in response to Plaintiffs' February 6, 2026 discovery demands and any subsequent discovery demands made by Plaintiffs; and

**WHEREAS**, Defendants have objected to producing certain workers' compensation records on the ground that such disclosure is prohibited by WCL § 110-a, and on other grounds;

**WHEREAS,** the Parties have read and understand the attached Addendum from the Court concerning confidentiality stipulations between the Parties and/or confidentiality orders proposed by the Parties (the "**Confidentiality Addendum**");

It is therefore hereby

**ORDERED** that the restriction on disclosure set forth in WCL § 110-a shall not constitute a basis for withholding documents from production;

**ORDERED** that Defendants are authorized and permitted to disclose to Plaintiffs certain workers' compensation records that are responsive to Plaintiffs' February 6, 2026 discovery demands and relevant and proportional to the needs of this case; and it is further

**ORDERED** that Defendants are authorized and permitted to disclose to Plaintiffs certain workers' compensation records that are responsive to any subsequent discovery demands made by Plaintiffs and relevant and proportional to the needs of this case; and it is further

**ORDERED** that other than with respect to objections to disclosure of information prohibited by WCL § 110-a, nothing contained in this Order shall be construed as a ruling by the Court as to the validity of any other objections previously or subsequently asserted by Defendants to Plaintiffs' discovery demands, and both Plaintiffs' and Defendants' rights are reserved in connection thereto; and it is further

**ORDERED** that documents produced pursuant to this Order are subject to the Confidentiality Order and HIPAA Addendum (the "**Confidentiality Order**") so ordered by this Court on April 1, 2026 and shall be designated as "Confidential – Workers' Compensation Information"; and it is further

**ORDERED** that documents produced pursuant to this Order and designated as "Confidential – Workers' Compensation Information" shall be treated as "Confidential Information" pursuant to the terms of the Confidentiality Order and shall only be transmitted by secure/encrypted means; and it is further

4

**ORDERED** that the Confidentiality Addendum attached hereto is hereby incorporated into this Order.

SO ORDERED.

_____

HON. COLLEEN MCMAHON, U.S.D.J.

Dated: New York, New York
June 5____, 2026

## ADDENDUM PURSUANT TO RULE VI OF THE INDIVIDUAL PRACTICES AND PROCEDURES OF JUDGE COLLEEN MCMAHON

### THE FOLLOWING ADDENDUM IS DEEMED IN CORPORATED INTO THE ORDER PURSUANT TO WCL §110-a

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation. The decision will not be published for ten days. The parties must within that ten-day period identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable. the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.