USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPLETE MEDICAL CARE SERVICES OF NY, PC, et al.,

Plaintiffs,

-against-

TACCI, et al.,

Defendants.

**OPINION & ORDER**

**1:25-CV-8055 (CM)(KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On July 24, 2026, the parties in the above-entitled action filed a joint letter updating the Court on the status of discovery and requesting that the Court resolve one dispute the parties have been unable to come to terms on during the meet and confer process.

First, the Court thanks the parties for the updates and their continued efforts to narrow and resolve disputes without the need for Court intervention. Concerning the issues regarding Requests No. 24 and 36, the parties are directed to file a letter by **August 7, 2026**, updating the Court on the status of the disputes.

I turn now to the regarding request No. 49, which seeks:

> All correspondence between Plaintiffs and WC insurers concerning payment of fees for medical testimony provided by Plaintiffs which Plaintiffs allege they were owed and did not receive.

Defendants explain that the information sought consists of 33 instances the Workers' Compensation Board failed to require insurers to pay fees to doctors for testifying in Workers' Compensation matters even though the doctors purportedly complied with the Board's guidelines for requesting assistance with obtaining payment. Defendants contend that these

communications are necessary to determine whether Plaintiffs timely and properly requested payment and whether any nonpayment resulted from inadequate Board procedures or from deficiencies in Plaintiffs' own submissions. Defendants claim the inquiry bears directly on the risk of erroneous deprivation under *Mathews v. Eldridge,* 424 U.S. 319 (1976).

Plaintiffs object to the request as overbroad and disproportionate to the needs of the case insofar as they are not seeking to litigate the merits of any payment determination or obtain damages; rather they are seeking only declaratory and injunctive relief for a change in procedures.

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The party seeking the discovery bears the burden of proving the discovery is relevant, and the party withholding discovery on burden, expense, privilege, or work product grounds bears the burden of proving the discovery is in fact privileged or work product. *See Vaigasi v. Solow Mgmt. Corp*., No. 11 Civ. 5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (explaining relevance standard)*; Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery.").

The complaint identifies 33 specific instances in which they allegedly complied with the Board's procedures yet were unable to obtain payment of testimonial fees. Defendant's

request is focused on obtaining information about these 33 instances so it can better understand and evaluate the claim that procedures were not followed and/or are inadequate. Although the ultimate merits of each underlying fee dispute are not dispositive of whether the Board affords constitutionally adequate process, the Court finds the circumstances surrounding the 33 disputes bear on whether Plaintiffs suffered an erroneous deprivation attributable to the challenged procedures. Communications reflecting whether Plaintiffs requested payment, the insurers' stated reasons for denying or withholding payment, and Plaintiffs' subsequent efforts to obtain relief may therefore provide relevant context for evaluating Plaintiffs' due process claim. The request as written, however, is overbroad to the extent it seeks all correspondence concerning unpaid testimonial fees, including matters never presented to the Board and does not appear to be focused on the 33 instances identified in the Complaint. While it is true that requests for "all" correspondence is often overbroad, this is not necessarily so when the subject matter of the correspondence and parties to the correspondence is circumscribed, as here. There are not many communications between Plaintiffs and the insurers in connection with each request for payment. Each request is a discrete situation. Therefore, in the circumstances of this particular request, the use of the term "all" is not overbroad insofar as Defendant has voluntarily limited it to 33 specific requests for payment.

Accordingly, Defendants' request is GRANTED in part. Plaintiffs shall produce all communications with insurers relating only to the 33 instances identified in the Complaint, including the initial requests for payment, any insurer responses or denials, and related requests for assistance from the Board.

SO ORDERED.

Dated: July 31, 2026
New York, New York

KATHARINE H. PARKER
United States Magistrate Judge